J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 E. Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff
Deckers Outdoor Corporation

Kenneth I. Gross (SBN 216279)
Law Offices of Kenneth I. Gross & Assoc.
849 S. Broadway, Ste 504
Los Angeles, California 90014
Telephone: (213) 627-0218
Facsimile: (213) 623-4628

Attorneys for Defendants
Jinming Zhu and Sihui Zhong

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deckers Outdoor Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Sherie Bruge a/k/a Sherie Burton, an individual and d/b/a Select Basics; Kwasi Olatunji; Jinming Zhu, an individual and d/b/a FiveStarEstore; Shirley Dawson, an individual and d/b/a J&S; Sorayda Herrera a/k/a Zorayda Herrera; Wilfredo Luis Velasquez a/k/a Wilfredo Luis Velazquez a/k/a Luis Velasquez a/k/a Luis Velazquez a/k/a Louis Velasquez; Sihui Zhong, an individual and d/b/a FiveStarEstore and Does 2 – 10, inclusive,<br><br>Defendants. | Case No. CV09-6930 DSF (FMOx)<br><br>**[PROPOSED] CONSENT DECREE PURSUANT TO STIPULATION** |

The Court, having read and considered the Joint Stipulation for Permanent Injunction that has been executed by Plaintiff Deckers Outdoor Corporation

("Deckers" or "Plaintiff") and Defendants Jinming Zhu and Sihui Zhong (collectively "Defendants"), in this action:

GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS that this Permanent Injunction shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., as well as 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

2) Service of process was properly made on the Defendants.

3) Deckers owns or controls the pertinent rights in and to the trademarks listed in Exhibits "A" and "B" attached hereto and incorporated herein by this reference (The trademarks identified in Exhibits "A" and "B" are collectively referred to herein as the "Deckers Trademarks").

4) Plaintiff has alleged that Defendants have made unauthorized uses of the Deckers Trademarks or substantially similar likenesses or colorable imitations thereof.

5) Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the Injunction are hereby restrained and enjoined, pursuant to 15 U.S.C. § 1116, from:

    a) Infringing the Deckers Trademarks, either directly or contributorily, in any manner, by:

        i) Importing, manufacturing, distributing, advertising, selling and/or offering for sale any unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Deckers Trademarks ("Unauthorized Products");

        ii) Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy

or use the likenesses of or bear a confusing similarity to any of the Deckers Trademarks;

iii) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe, the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Deckers, are sponsored, approved or licensed by Deckers, or are affiliated with Deckers;

iv) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Deckers.

6) Defendants are ordered to deliver for destruction all Unauthorized Products, including footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in her possession or under her control bearing any of the Deckers Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

7) Except for the allegations contained herein, the claims alleged in the First Amended Complaint against Defendants Zhu and Zhong only, by Deckers, are dismissed with prejudice.

8) This Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

9) The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendants.

9) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

10) The above-captioned action, shall, upon filing by Plaintiff of the Settlement Agreement, Stipulation for Entry of Judgment and Judgment Pursuant to Stipulation, and requesting entry of judgment against either of the Defendants, be reopened should either of the Defendants default under the terms of the Settlement Agreement.

11) This Court shall retain jurisdiction over the Defendants for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof, and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

DATED: 7/16/10

Hon. Dale S. Fischer
United States District Judge

PRESENTED BY:
J. Andrew Coombs, A P. C.

By: /s/ Annie S. Wang
    J. Andrew Coombs
    Annie S. Wang
Attorneys for Plaintiff Deckers Outdoor Corporation

Law Offices of Kenneth I. Gross & Assoc.

By:
    Kenneth I. Gross
Attorneys for Defendants
Jinming Zhu and Sihui Zhong

**EXHIBIT A**

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 3,050,925
Registered Jan. 24, 2006

## TRADEMARK
### PRINCIPAL REGISTER

# UGG

DECKERS OUTDOOR CORPORATION (DELAWARE CORPORATION)
495-A SOUTH FAIRVIEW AVENUE
GOLETA, CA 93117

FOR: MEN'S, WOMEN'S AND CHILDREN'S FOOTWEAR, NAMELY, BOOTS, SHOES, CLOGS, SLIPPERS; MEN'S, WOMEN'S AND CHILDREN'S CLOTHING, NAMELY, COATS, JACKETS, PONCHOS; WOMEN'S CLOTHING, NAMELY, SKIRTS, MUFFS; CHILDREN'S BUNTINGS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-28-1979; IN COMMERCE 12-28-1979.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-976,129, FILED 1-21-2005.

BARBARA A. LOUGHRAN, EXAMINING ATTORNEY

**EXHIBIT B**

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,314,853

Registered Feb. 1, 2000

## TRADEMARK
## PRINCIPAL REGISTER



WELLS FARGO BANK, N.A. (CALIFORNIA NATIONAL BANKING ASSOCIATION)
495-A S. FAIRVIEW
GOLETA, CA 93117 BY ASSIGNMENT UGG HOLDINGS, INC. (CALIFORNIA CORPORATION)
GOLETA, CA 93117

FOR: FOOTWEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 10-0-1996; IN COMMERCE 3-0-1997.

SN 75-249,238, FILED 2-28-1997.

GEORGE LORENZO, EXAMINING ATTORNEY

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 E. Wilson Ave., Suite 202, Glendale, California 91206.

On July 13, 2010, I served on the interested parties in this action with the:

### JOINT STIPULATION RE ENTRY OF PROPOSED CONSENT DECREE

### [PROPOSED] CONSENT DECREE PURSUANT TO STIPULATION

for the following civil action:

<u>Deckers Outdoor Corporation v. S. Bruge, et al.</u>

by placing a true copy thereof in an envelope to be immediately sealed thereafter. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Sherie Bruge a/k/a Sherie Burton<br>An individual and d/b/a Select Basics<br>240 Fortress St.<br>Gwinn, MI 49841-2808 | Wilfredo Luis Velasquez a/k/a Wilfredo Luis Velazquez a/k/a Luis Velasquez a/k/a Luis Velazquez a/k/a Louis Velasquez<br>1800 Bayshore Dr., #2414<br>Miami, FL 33132 |
| Sorayda Herrera a/k/a Zorayda Herrera<br>1800 Bayshore Dr., #2414<br>Miami, FL 33132 | |

Place of Mailing: Glendale, California
Executed on July 13, 2010, at Glendale, California

/s/ Annie S. Wang
Annie S. Wang